[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14516

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-21427-CV-JLK

GREAT AMERICAN INSURANCE COMPANY,
an Ohio corporation,

Plaintiff-
Counter-Defendant-
Appellant
Cross-Appellee,

versus

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a Pennsylvania corporation, and,

Defendant-
Counter-Claimant-
Appellee
Cross-Appellant,

LEXINGTON INSURANCE COMPANY,
a Delaware corporation as the insurers
of their additional insured, General
Asphalt Company, Inc., a Florida
corporation,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____
(July 20, 2009)

Before EDMONDSON, BLACK and SILER,[*] Circuit Judges.

PER CURIAM:

We affirm the judgment of the district court. Briefly stated, General Asphalt was not covered as an additional insured under the policies issued to Bob's by National or Lexington because the underlying injuries for which General Asphalt was potentially liable did not arise out of Bob's work. Therefore, Great American Insurance Company was not due reimbursement from National.[1]

AFFIRMED.

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] Moreover, Defendant Lexington did not have a duty to defend General Asphalt because the complaint did not allege injuries that would bring it into coverage under Lexington's policy. In addition, because we affirm the district court's grant of summary judgment, we need not address Defendant National's cross-appeal.